1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

10  REGINALD RENEE CUMMINGS,                    )      No. EDCV 10-1927 GHK (FFM)
                                                )
11                     Petitioner,              )      ORDER TO SHOW CAUSE WHY
                                                )      PETITION SHOULD NOT BE
12             v.                               )      DISMISSED AS TIME-BARRED
                                                )
13  RANDY GROUND, Warden,                       )
                                                )
14                     Respondent.              )
    _____   )

15

16          Petitioner, a prisoner in state custody proceeding *pro se*, constructively filed

17  a Petition for Writ of Habeas Corpus ("Petition") on or about November 4, 2010.

18  Petitioner alleges that the California Supreme Court denied a petition for review

19  on direct review of his 2000 conviction and sentence on September 15, 2010.

20  (Petition at 3.)  Although petitioner also alleges that he has not filed any habeas

21  petitions in any state court with respect to his conviction (Petition at 3, ¶ 6), he

22  attaches copies of denials of state habeas petitions in the San Bernardino Superior

23  Court and the California Supreme Court, dated June 18, 2010 and September 15,

24  2010, respectively.

25          The June 18, 2010 order denying his state habeas petition in Superior Court

26  states that the Court of Appeal affirmed petitioner's conviction and sentence on

27  direct review on June 6, 2001.  The order also states that the matter was remitted

28  back to the Superior Court on August 8, 2001, indicating that no petition for

review with the California Supreme Court was filed.  A decision of the California Court of Appeal becomes final "30 days after filing." Cal. R. Ct. 8.264(b)(1).  Thereafter, California allows a party ten days after "the decision of the Court of Appeal becomes final" to serve and file a petition for review with the California Supreme Court. Cal. R. Ct. 8.500(e)(1).  Accordingly, it appears that petitioner's conviction became final on July 16, 2001, forty days after the court of appeal affirmed his conviction. *Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002), *abrogation on other grounds recognized by Moreno v. Harrison*, 245 Fed. Appx. 606 (9th Cir. 2007).

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1).  For those prisoners, like petitioner, whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001).  The operative provision which appears to apply in this case is set forth in 28 U.S.C. § 2244(d)(1)(A).  That subparagraph provides that the one-year period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Here, as shown above, petitioner's judgement became final on July 16, 2001.  Accordingly, the one-year limitations period expired on July 16, 2002.  However, petitioner did not initiate the present proceedings until over eight years after the limitations period expired.  As a result, the present action is untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

/ / /

/ / /

2

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner filed his first state collateral challenge because there is no case "pending." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review." *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)). "One full round" generally means that the statute of limitations is tolled while a petitioner is properly pursuing post-conviction relief, from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge. *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at 819. The period tolled includes the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." *Delhomme*, 340 F.3d at 819 (citing *Biggs*, 339 F.3d at 1048 n.1).

Here, petitioner is not entitled to any statutory tolling. Petitioner did not file his first state habeas petition until June 11, 2010. But by that time, nearly eight years had passed since the July 16, 2002 cutoff date. Given the passing of the cutoff date, the June 11, 2010 state habeas petition could not toll the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of a limitations period that has ended before the state petition was filed."); *Green*, 223 F.3d at 1003 (holding that state habeas petition filed after expiration of AEDPA limitation period could not

1   toll limitation period "because the limitations period had already run"); *Vroman v.*

2   *Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (application of section 2244(d)(2)

3   "'tolling provision does not . . . 'revive' the limitations period (i.e., restart the

4   clock at zero); it can only serve to pause a clock that has not yet fully run'")

5   (citation omitted).

6        Because the Petition does not demonstrate any basis for tolling the statute,

7   the Court orders petitioner to show cause in writing within 15 days of the date of

8   this order why the Petition should not be dismissed as time-barred.  If petitioner

9   fails to provide a timely response to this order, the Court will recommend that the

10   Petition be dismissed as time-barred and/or for failure to prosecute.

11        IT IS SO ORDERED.

12

13   DATED:  December 21, 2010

14

15                     / s / FREDERICK F. MUMM

16                      FREDERICK F. MUMM
                   United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28